CHITTENDEN,
January,
1843.

Allen
v.
Adams &
Allen.

cases before referred to, we adjudge the same to be suffi-
cient.   The judgment of the county court is, therefore, af-
firmed.

---

GEORGE A. ALLEN v. CHARLES ADAMS AND HEMAN ALLEN.

A debtor remaining upon the jail liberties, on a commitment on execution,
is not liable for the interest accruing on the debt, if he pay the amount
due on the execution at the time of commitment, before departing the
liberties.

THIS was an action on a jail bond, executed to the plain-
tiff as sheriff of Chittenden county, founded on an execution
against the defendant, Adams, on which he was committed
on the 3d of June, 1833.

The defendants pleaded specially, that, on the 12th of
March, 1834, Adams paid to the administrator of the credi-
tor in said execution, a certain sum, and on the 4th of July,
1836, a certain other sum, which sums were accepted to ap-
ply on the judgment, and which amounted to the full sum of
the damages and costs therein, and the price of the execu-
tion, and the officer's fees for commitment; and that these
payments were made and accepted before the alleged es-
cape of Adams.

To this plea there was a demurrer.   The court adjudged
the plea sufficient; to which decision the plaintiff excepted.

C. D. Kasson, for plaintiff.

It will be observed that the plea only alleges the payments
were made to be *applied,* leaving the *mode* of application to
the law.

If a judgment draws interest, the rule of this court pre-
scribing the application of moneys, determines the question.

1. At common law, all contracts or obligations for the pay-
ment of money *at a day certain,* and also *judgments,* draw
interest.   This was payable at a *day certain,* to wit, as soon
as rendered, or in 60 days thereafter.   2 Com. L. R. 207–8.
2 Burr. 1086–8, 1096–8.

*Read* v. *Rens. Glass Fac.* 3 Cow. R. 394.   Where the
court (Sutherland, J.) says the interest is always an *incident*
to the debt; which is familiar law.

In *Tillotson* v. *Preston*, 3 J. R. 228, the court only held that, where the declaration did not disclose a claim carrying interest, a plea of payment of the amount *prima facie* due, was good on demurrer.

But here the case shows a demand carrying interest, and the plea does not allege a *satisfaction in fact*.

2. Whatever may have been the common law, we contend the statute of 1810, (Sla. Comp. L. 164) and the statute of 1822, (Sla. Comp. L. 216) together with the case of *Martin* v. *Kilbourne*, 11 Vt. R. 93, settle the question in this state.

If the judgment be merged in the jail bond, the case must fall within the act of 1810.

But we apprehend that it falls within the act of 1822, if either. That act extends to "*all judgments on which execution shall issue.*" This is such a case most certainly.

It directs all *officers to "collect interest after* 60 *days,*" clearly referring to all those cases, where, by the commitment, or postponement of the sale of property, or other cause, the "collection" shall be delayed beyond that period.

Again :—The commitment of the debtor, raises no new relation between him and the creditor ; but only between him and the sheriff. The creditor stands aloof, and allows the law to take its course.

It is a *means* in the sheriff's hands (possibly for the benefit of the creditor) to *enforce collection*.

The sheriff or *jailor is the "officer executing the process,"* and this is only a *mode* of executing it. He is thus to *keep him until he pays ;* and if he does not pay under 60 days, he has no right to let him off without interest, as in any other case of payment subsequent to the 60 days.

If the court can exempt him in this case, they may in all others, and so annul the statute.

Suppose the money had been *paid to the sheriff directly*, could he be justified in discharging him ? certainly not ; for he was at that very period "*executing*" the *process*, and was bound to *collect interest*.

If the payment to the creditor, who only receives it to be *applied legally*, can alter the case, it is for some reason too nice to perceive.

3. It is already holden that the commitment of the debtor

CHITTENDEN,
January,
1843.

Allen
*v.*
Adams &
Allen.

CHITTENDEN,
January,
1843.

Allen
v.
Adams &
Allen.

is a mere *pledge* for the debt; we, therefore, cannot see how it should work a *satisfaction* at all; much less, *that precise quantity of satisfaction which is just equivalent to* 6 *per cent, per annum.*

This would be an uncertain guage of the value of a man's liberty, (if that were the ground on which it wrought satisfaction), as it would depend on the magnitude of the judgment.

If, then, it is not a satisfaction, it is *nothing.*

4. If it be contended that the condition of the bond, or execution be, that he shall remain until *those sums be paid,* and *therefore* the condition is complied with,—we answer, so is the direction and condition of all executions and jail bonds, whether upon *alias* or *pluries* executions, and still *they* carry interest. Interest is the *incident* which the law has annexed to these cases.

We cannot discover any rational distinction between this case and that of *Martin* v. *Kilbourne,* 11 Vt. R. 93.

*C. Adams,* for defendants.

In actions *ex contractu,* there are but three ways in which interest is demandable. 1st. As increase of damages for breach of contract. 2d. As given by the provisions of the law. 3d. Or as part of the contract.

In this case there can be no pretence that any thing was demandable as an increase of damages for breach of contract.

It was not demandable by any of the provisions of law then in force.

The law of 1822 gave interest on executions after 60 days; but the execution in this case issued and was executed, within the 60 days. Executions *executed* do not come within this law.

The sheriff having an execution is directed to collect the damages, cost, execution, and his fees, *particularly stated.*

The jailor is commanded to keep the debtor until he pay *the sums above named,* together with the jailor's fees. The particularity with which these are mentioned forbids the inference that any thing more is allowable, and there is nothing in any law warranting any further demand.

Before breach of the bond, the debtor, in contemplation

CHITTENDEN,
*January,*
1843.

Allen
*v.*
Adams &
Allen.

of law, is within the jail, and under the control of the jailor, and may be returned there, at the pleasure of the jailor. The bond is in the nature of an extension of the walls of the jail, and until breach, the rights of the creditor and liabilities of the debtor remain unchanged. The jailor may keep his debtor in the jail room or in the house attached to it, as he pleases, *without bond ;* or he may keep him within the limits *on bond ;* and, until a breach, he cannot be sued for an escape, nor be compelled to assign the bond.

Nothing can be demanded of the jailor, nor of the debtor, while in actual custody, beyond the sums for which he is committed *without interest.* It must be so, unless there is an express law requiring payment of interest. The judgment ascertains the amount, and the commitment is a manner of enforcing payment of it. It is the execution of the final process of the court.

No interest can be recovered on contracts, unless there is an agreement, express or implied, for the payment of it. *Haveland* v. *Bowerbank,* 1 Camp. 50. *Colton* v. *Bragg,* 15 East. 223. *Sellick* v. *French,* 1 Cow. R. 32. Com. Con. 387, (424).

The contract in this case being in writing, there can be no implied undertaking to pay interest ; and if demandable, it must be by a fair construction of the contract, as written.

But there is no ground for any such construction. The terms of the bond are clear and unequivocal, for the payment of a certain, definite sum. The principle is applicable to all bonds, that the penalty can never be demanded while the conditions remain unbroken ; and there is, and can be, no exception as to jail bonds.

The condition of the bond is prescribed by law, that the prisoner *shall remain in the limits until he be discharged.* This *discharge* is not the act of the creditor, but is the satisfaction to be made by the debtor. The plain rendering would be, that *the debtor shall remain in the limits until he satisfy the sums for which he is committed.* This must be so, unless an increased liability is raised by the act of giving the bond, for while in close jail, nothing can be demanded beyond the payment of the sums named in the execution, and fees.

After a breach, interest may be demandable, but on a dif-

CHITTENDEN,
January,
1843.

Allen
v.
Adams &
Allen.

ferent ground altogether. By the breach, the penalty may be demanded and, on a motion to chancer, the court may allow interest as increase of the debt.

The opinion of the court was delivered by

REDFIELD J.—This is an action on jail bond. Plea that the debtor paid the damages, cost and fees, &c. before departing the liberties. Demurrer and joinder and judgment of the county court that the plea is sufficient.

The only question to be determined is, whether the creditor, under the circumstances, is entitled to interest upon the judgment. It is no doubt true, that, for a great number of years, in England, in actions of debt on judgment, the plaintiff has been considered entitled to recover interest in addition to the amount of the original judgment. The same has always been the law of this state. But at common law, and with us, unless aided by statutes, he could not, in any other mode of enforcing the judgment, recover such interest. If, for instance, he brought *scire facias*, instead of debt, or took out an alias execution after the date of the judgment, or committed the body of his debtor, who remained in jail, he must be content with the amount of his judgment simply. This difference in the amount the plaintiff realized in these different modes of enforcing his judgment, did not result from any inherent difference in the rights of the parties, but from the technical operation of different remedies. The *scire facias* only revived the original judgment ; the officer could only collect the sum stated in his writ ; the jailor was bound to release his prisoner on payment of the sums named in the precept, which was his warrant for detaining him, with, perhaps, additional prison charges.

In many of these cases the legislature has interfered, and enacted that interest shall be paid. On some cases of *scire facias*, and on executions collected by officers, interest has, at different times, been directed to be reckoned. Whether any such provision has been extended to the present case is now to be determined.

It is not pretended that such is the case, unless the act of November 10, 1822, extends to this case. In the case of *Martin* v. *Kilbourne*, 11 Vt. R. 93, we considered the act did extend to all cases where a judgment was enforced by

an execution put into the hands of an officer ; but this only extended to the time of executing the process, and had no reference to what had been the state of the judgment before, or what should happen after the process was executed. And we now think that this statute had no reference to the computing of interest on judgments, except such as were in process of execution, and then only up to the time of execution. The terms of the statute clearly indicate this. " All judgments, on which execution shall issue, shall be on interest after sixty days, and any officer *executing the same* is hereby authorized to collect and account therefor." This clearly gives interest only upon such judgments as are in the process of execution, and then only up to the time of execution, to be computed by the officer. The most, then, that can be concluded, is that, up to the time of the commitment, interest, after sixty days, shall be computed. After that, the execution is no longer " executing," but *executed.*

The form of the writ of execution shows this. The jailor is required to keep the debtor, " until he pay the full sums above mentioned, *with your fees*,"—not with interest thereon, but the same sums, the officer might have demanded. Such, too, has been the uniform practice upon this subject. I could never find any one in active business at the time, who ever supposed the statute of 1822 affected cases of this kind ; and contemporaneous exposition of statutes is of paramount weight. The fact that, if the debtor commit an escape, the creditor will recover interest, or that if the creditor release the debtor and take an alias execution, and thus bring the case within the statute of 1822, he will recover interest, no more shows he should recover it here, than the fact, that he is, and always was, entitled to interest in debt on judgment, shows he should equally have recovered it in *scire facias*, or on execution, even without the aid of the statute. It is enough for us to know that in this case the law has made no provision for adding the interest to the judgment after the commitment, and that *the debtor is entitled to his release upon paying the sums upon which he is committed.* For one to say, *ita lex scripta est*, is thought to be, I am aware, no very great work of profoundness in the exposition of the law ; but it is an unanswerable reason, why decisions should not countervail the plain letter of the law. Judgment of county court affirmed.