WILLIAM C. DENNISON *v.* FRANCIS SLASON.

*Interest.    Judgment.    Action of Debt on Judgment.*

When a creditor voluntarily discharges his debtor from imprisonment, and afterward brings an action of debt on judgment against him, he is not entitled to recover interest on the judgment declared on, during the time the debtor is imprisoned.

*Doubted* whether this action could be maintained in such case; and whether the creditor has any other remedy except that which in terms is given by the statute.

THIS was an action of debt on a judgment. The action was heard and tried by the court, at the March Term, 1866, KELLOGG, J. presiding, by agreement of the parties, on a "case stated." On the said case stated, the court, *pro forma*, decided that the defendant was entitled to a judgment in the said action, and rendered a judgment in favor of the defendant and against the plaintiff accordingly. To this decision and judgment the plaintiff excepted. The facts are stated in the opinion.

Dennison v. Slason.

*R. R. Thrall*, for the plaintiff,

Contended that the plaintiff having discharged the defendant from his imprisonment, he had a right to an *alias* execution against the defendant, whichwould draw interest from the date of the judgment or he may sue the judgment and recover the interest. G. S. p. 709 10, §§ 60, 61; *Allen* v. *Adams, et al.*, 15 Vt. 16.

*Prout, Dunton & Peabody*, for the defendant.

I. At common law, the commitment of the debtor on execution, operates as a satisfaction of it. *Lyman* v. *Lyman*, 11 Mass.

II. The plaintiff is not entitled to recover interest on his judgment, during the time the defendant was in custody upon his execution. *Rawson* v. *Dole*, Johns. 454; *Constable* v. *Cobden*, 2 Johns 280; *Watson* v. *Fuller*, 6 Johns. 283; *Allen* v. *Adams*, 15 Vt. 16.

III. The case does not fall within any provision of the statute entitling the plaintiff, upon the facts, to interest. G. S. p. 365 § 2; G. S. p. 299 § 4; p. 365 §25; p. 298 § 62.

IV. The debtor was not discharged from imprisonment in such a manner as to be affected by section 61 p. 710 of the General Statutes, or to render him liable to pay interest. G. S. p. 709 §60, does not aid the plaintiff, as under that section he is entitled to only an *alias* execution.

V. The plaintiff having accepted the principal of his debt cannot maintain an action to recover the interest. *Tillotson* v. *Preston*, 3 Johns. 229.

The opinion of the court was delivered by

PIERPOINT, J. This is an action of debt on judgment, and the only question presented is, whether the plaintiff is entitled to interest upon the judgment declared on, from the time that judgment was rendered, until the judgment was rendered in this action. It appears that on the 31st day of January, 1848, the plaintiff recovered the judgment against the defendant. Execution was issued thereon against the body, and on the 31st day of March, 1848, the defendant was committed to jail thereon, and remained so committed until the

Dennison *v.* Slason.

12th day of June, 1865, when the plaintiff discharged him from imprisonment, agreeably to the provisions of the statute. On the 28th day of June, 1865, the defendant paid to the plaintiff the damages and all cost that had accrued, with the interest thereon, from the time of said discharge to the time of such payment.

If the judgment is drawing interest during the time the debtor is imprisoned thereon, it is difficult to see upon what principle it is, that the debtor can discharge himself from imprisonment and all liability upon such judgment, by paying the original amount of the execution, with the cost of the commitment, yet it was expressly decided in *Allen* v. *Adams*, 15 Vt. 16, that all the debtor was bound to pay to accomplish that end, was the amount of the execution and the cost of commitment, and that interest thereon could not legally be claimed of him. If the creditor voluntarily discharges his debtor from imprisonment, that would operate a discharge of the debt, were it not for the statute, that gives the creditor the right to discharge the body of his debtor and then take an *alias* execution against his property, but the statute does not declare that the creditors on such execution may collect the amount .of the original judgment with the interest thereon. It is true that Judge REDFIELD in *Allen* v. *Adams*, intimates that on the *alias* execution, interest might be collected, but no such question was then before the court, and the intimation clearly was made under the impression that in such a case the statute gave the right to collect interest, because he. immediately thereafter says: " It is enough for us to know that in this case the law has made no provision for adding the interest to the judgment after commitment, and the debtor is entitled to his release upon paying the sums upon which he is committed." This language applies with equal force in this case, as the law has made no such provision applicable to it.

If the debtor escapes from the imprisonment the creditor is remitted to his original rights, and the debtor to his original liability, and he cannot then avail himself of the fact that he has been imprisoned.

It would be very extraordinary if the creditor by voluntarily releasing his debtor from imprisonment, could thereby increase such debtors liability to the extent of the interest upon his judgment from

the time it was rendered; to do this he must have the aid of an express provision of the statute, which now he has not.

Whether in a case like the present, debt on the judgment can be maintained, is a question we have now no occasion to decide. It may be regarded as quite doubtful whether the creditor, after voluntarily discharging his debtor from arrest, has any other remedy against him except that which in terms is given by the statute.

The judgment of the county court is affirmed.